IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW KRALLMAN,**

      Petitioner,

   v.         CASE NO.  07-3056-SAC

**STATE OF KANSAS,**

      Respondents.

**O R D E R**

Mr. Krallman, an inmate at the Shawnee County Detention Center, Topeka, Kansas, submitted pages to the court with a caption including "Motion to Preserve Allegations in Cases 06-3060-SAC/06-3075-SAC," and "Regarding the (same cases)." He provided a line for a new case number on the first page. The two cases referred to have been closed for some time[1]. In the body of the pleading, Mr. Krallman seeks an "extension of time to file habeas corpus with issues alleged in cases 06-3060/06-3075 . . ." The court finds it is not at all clear whether Mr. Krallman intended to file a motion

---

[1] This court dismissed the civil complaint filed by Mr. Krallman in <u>Krallman v. Sebelius,</u> Case No. 06-3060 on March 22, 2006. The court found the claim therein was in essence a challenge to Mr. Krallman's state conviction in Jefferson County, which had to be raised by petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The court further found that exhaustion of state court remedies had not been shown. The court also noted the allegations of double jeopardy made therein were insufficient to entitle Krallman to a stay of an impending criminal trial in Shawnee County.

This court also dismissed a habeas corpus petition filed by Mr. Krallman on 28 U.S.C. 2241 forms in <u>Krallman v. Shawnee County District Court</u>, Case No. 06-3075, on April 6, 2006. In that case petitioner attempted to raise the same claim of double jeopardy and challenge the same charges or convictions in Jefferson and/or Shawnee Counties. The matter was treated as a petition under 28 U.S.C. 2254 and dismissed for failure to show exhaustion of state court remedies. Mr. Krallman did not file a timely appeal in either prior action. He also did not file a timely Motion for Reconsideration in either case, and has alleged no valid grounds to reopen.

in long-closed cases or to open a new case; but concludes this pleading should be construed as an attempt to file a new petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.

In the process of screening the Petition, this court was about to order Mr. Krallman to state his claims upon forms provided by this court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254$^2$, and to show full exhaustion of state court remedies$^3$.  However, the court has now received petitioner's Motion for Voluntary Dismissal of this action under FRCP Rule 41(a) (Doc. 3), and finds it should be granted.

**LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES**

Petitioner also filed an Application for Leave to Proceed

---

[2] This court was unable to tell from the papers filed, precisely what state conviction Mr. Krallman sought to challenge and whether or not state court remedies have been exhausted on that conviction. For future reference, if petitioner wishes to challenge more than one criminal case, he must submit a separate form 2254 petition for each.

[3] As Mr. Krallman acknowledges, he was previously informed that all claims regarding a particular state criminal conviction must be presented to the highest court in the state before he may proceed in federal court. The court again emphasizes to Mr. Krallman that this means he must have presented all his claims regarding a particular conviction to the state district courts in which he was tried, and to the Kansas Court of Appeals, as well as the Kansas Supreme Court either on direct appeal of his conviction(s); or by post-conviction motion filed first in the trial court and then appealed through proper procedures to the highest state court. An example of a proper post-conviction motion is one pursuant to K.S.A. 60-1507.

With respect to a state criminal proceeding which has not yet gone to trial or resulted in his conviction, such as he suggests in Case No. 04CR990, petitioner is reminded that the statute of limitations for challenging a state conviction in federal court does not begin to run until that conviction is "final." At the same time, the statute of limitations could be running in another case, such as his conviction in Jefferson County, if no proper state post-conviction proceeding is pending as to that conviction.

Without Prepayment of Fees (Doc. 2), which only includes the first page of the forms provided by the court for such a motion. Nevertheless, it appears from the printout of Mr. Krallman's inmate account that he is without significant funds, and the motion shall be granted.

**REQUEST FOR STAY**

Petitioner asks that this case be dismissed, then adds "(or alternative hold in abeyance)". The court construes this, together with the original papers filed by him requesting an extension of time to file a federal habeas action, as a motion to stay[4] this federal proceeding until he has fully exhausted state court remedies. The court notes that no legal or factual basis for this motion has been presented and denies it without prejudice at this time.

Petitioner is wise to be concerned about the statute of limitations for seeking review in federal court. The statute of limitations for filing a federal habeas corpus petition is set

---

[4] With this request for a stay, petitioner appears to suggest that the Court use a stay-and-abeyance procedure to preserve his right to seek habeas relief in the event of the expiration of the § 2244(d)(1) limitations period. The stay-and-abeyance procedure was approved by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). In petitioner's case, it is impossible to tell from the materials filed by him if the one-year § 2244(d)(1) limitations period has expired or is about to expire, or even what conviction he seeks to challenge. The United States Supreme Court has approved the use of a stay-and-abeyance procedure only "in limited circumstances" "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. Petitioner has alleged no facts showing good cause under the standard established in <u>Rhines</u> for administratively staying this habeas proceeding with unexhausted claims. Furthermore, he moves to dismiss this action so he can exhaust his state court remedies.

forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

As petitioner was informed in a prior case, Section 2244 does provide for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. 2244(d)(2). Thus, as long as Mr. Krallman has trial proceedings or a direct criminal appeal pending in state court on the particular conviction he wishes to challenge, or a "properly pending" state post-conviction motion pending in state court in connection with the conviction he wishes to challenge, the statute of limitations for filing a federal habeas corpus petition on that particular conviction is not running, but is tolled.

However, the court emphasizes that petitioner must pursue <u>proper</u> state court remedies in an orderly fashion.  If all Mr. Krallman has "pending" in state court is an improper motion or action, such as a mandamus petition, which could eventually be determined to not be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," then the statute of limitations is not tolled by his improper state actions and motions.

Furthermore, petitioner is again informed that the premature filing of a federal habeas corpus petition, such as

4

before state court remedies have been fully and properly exhausted, does not toll the statute of limitations.  See Duncan v. Walker, 533 U.S. 167 (2001).  It follows that no tolling has resulted from the filing or pendency of this federal Petition, now dismissed upon his voluntary motion.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Voluntary Dismissal (Doc. 3) of this action is granted, and this action is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) is granted, and petitioner's requests for stay and intervention (Doc. 1) and alternative request for stay (Doc. 3) are denied.

**IT IS SO ORDERED**.

Dated this 13th day of March, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge